IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

3:51 pm, 4/6/11

Tim J. Ellis
Clerk of Court

In re                              )

                                   )

    STEVEN RICHARD CARLSON,    )    Case No. 10-20408

                                   )    Chapter 13

             Debtor             )

## OPINION ON CONFIRMATION OF THE DEBTOR'S
## THIRD MODIFIED CHAPTER 13 PLAN DATED NOVEMBER 8, 2010

On February 9, 2011 this matter came before the court for an evidentiary hearing for Confirmation of the Third Modified Chapter 13 Plan dated November 8, 2010 filed by Steven Carlson ("Debtor") and the Trustee's objection. The parties were represented as stated on the record. The court having reviewed the record, and for the reasons stated below, finds that confirmation of the Third Modified Chapter 13 plan shall be approved.

**Facts**

1.    The Debtor and his estranged spouse, Mrs. Carlson, originally filed their joint Chapter 13 bankruptcy petition on December 28, 2005 ("Case No. 05-23252"). The plan was confirmed on October 6, 2006. The plan called for a payment period of 60 months with a total amount payments of "not less than $41,800.00." Class 7 non-priority unsecured creditors were to be paid pro rata from the sum of $34,100.00 or a distribution of approximately 88.4%.

2.    The Debtor and Mrs. Carlson had marital problems and separated, bifurcating the case by the court's order entered on April 19, 2010. Mrs. Carlson's case

was converted to a chapter 7 bankruptcy case; she received her discharge and that case was closed on October 6, 2010.

3. The total receipts received in the bankruptcy case of Case No. 05-23252 were in the amount of $35,918.56. Of that amount, the bankruptcy estate received $3,508.56 from the Debtor's and Mrs. Carlson's Federal tax refunds.[1] The balance of $32,410.00 was received through monthly plan payments. It appears from Trustee's Exhibit 1, that the Debtor and Mrs. Carlson paid the plan payments consistently each month through December 23, 2009.

4. From December 23, 2009 and until August 13, 2010, neither the Debtor nor Mrs. Carlson made a plan payment in either bankruptcy case. The Debtor testified that this was due to the disarray of the parties' family life at that time and trying to determine what to do regarding the bankruptcy.

5. The Debtor did not file a motion to modify the plan until August 10, 2010. The Trustee objected. The Debtor filed a Second Modified Plan on September 15, 2010. Again, the Trustee filed an objection. The Debtor filed the Third Modified Plan on November 8, 2010. The Trustee's objection was filed and this Third Modified Plan is before the court.

6. The Debtor's Third Modified Plan proposes the following plan payments:

> "One Monthly payment for $238, on[e] monthly payment for $288 and 45 monthly payments $765.00 then one payment of $456 and then payments two $1632.00 payments totaling $3,264.00 prior to December 28,

---

[1] 2006 refund: $1,171.00; 2007 refund: $2,100.00; and 2009 refund: $237.56.

Page 2

2010 for a total of not less than $38,671.00. The debtor has made 45 payments of $765.00, one payment of $238, and one payment of $288 at prior docket #05-23252 in a chapter 13 with his wife."

Additionally, the plan proposes to pay Class 7 non-priority unsecured creditors the amount of $29,580.00, which is a proposed distribution of approximately 45%.

7. The court's review of the docket shows that a Certificate of Service was filed with the court indicating that the Modified Chapter 13 Plan and Motion were served on the Office of the U.S. Trustee, Mark R. Stewart, Esq., Steven Carlson, and "All on attached Matrix." A copy of the creditors mailing matrix was attached to the Certificate of Service. The Trustee's objection was the only one filed.

8. The testimony and evidence indicates that the Debtor paid a total amount of $5,124.00 into the bankruptcy estate of this case from August 13, 2010 through November 18, 2010.

**Discussion**

After confirmation, but before the completion of payments, the debtor may request a modification of the plan, to increase or reduce payments under the plan for a particular class.[2] The provisions governing the plan and preconfirmation modification apply to postconfirmation modification.[3]

The Trustee objects to confirmation of the Third Modified Plan on the grounds: (1) that the Debtor does not propose to apply all of his projected disposable income into the

---

[2] 11 U.S.C. §1329(a)(1).

[3] 11 U.S.C. §1329(b).

Page 3

plan to pay his non-priority, unsecured creditors; (2) the plan is not feasible as it contains a mathematical error; and, (3) the Debtor's delay in proposing a confirmable plan is unreasonable and prejudicial to his creditors.

A court cannot confirm a Chapter 13 plan, or in this case a modified plan, over an objection by the Trustee unless the plan proposes to pay the unsecured claims in full or the plan provides that all the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.[4]

For the purpose of this plan,[5] the applicable commitment period for an above-median debtor "shall be...not less than 5 years" and may be less, "but only if the plan provides for payment in full of all allowed unsecured claims over a shorter period."[6]

(1)    Payment of projected disposable income into the plan and applicable commitment period.

The Debtor proposed to modify and lower the monthly payments, based upon the facts that the payments made in the joint case would be attributed to the Debtor, and that his projected disposable income no longer included Mrs. Carlson's income. Therefore, the overall projected disposable income was less. The Debtor's Third Modified Plan incorporates the payments made under the previous joint case but between the two plans

---

[4] 11 U.S.C. § 1325(b)(1)(B).

[5] 11 U.S.C. §1325(b).

[6] 11 U.S.C. §1325(b)(4).

Page 4

does not propose a total of 60 monthly payments. However, the Debtor's Third Modified Plan proposes to make-up the missed seven (7) payments with five payments, two of which are substantial amounts. The issue presented is whether this court interprets the phrase "applicable commitment period" under the (1) multiplier formula or (2) as a temporal requirement.

The United States Bankruptcy Appellate Panel for the Tenth Circuit ("BAP") recently held that the applicable commitment period was a "temporal concept" requiring above-median income Chapter 13 debtors to commit plan payments for a five-year period unless unsecured creditors were paid in full.[7] The debtors in *Timothy,* were over-median income debtors, with one debtor's income derived from Social Security Income, who proposed a plan for less than five (5) years. The bankruptcy court for the District of Utah held, and the BAP affirmed, that the debtors could not use the applicable commitment period as a multiplier to determine the amount to pay into the plan. Appellate courts in three other jurisdictions have held the same.[8] This court does not disagree overall. However, the facts in the case before the court show that the Debtor has been in bankruptcy for five (5) years. During that time he and Mrs. Carlson, through both plans paid into the bankruptcy estates the total amount of $37,534.00.

It appears that the last two large payments paid by the Debtor were for the purpose

---

[7] In re Timothy, 442 B.R. 28 (10th Cir. BAP 2010).

[8] *Baud v. Carroll,* No. 09-2164, (2011 U.S. App. LEXIS 2182; 2011 Fed. App. 0033) (6th Cir., Feb. 4, 2011); *In re Frederickson,* 545 F.3d 652 (8th Cir. 2008); *In re Tennyson,* 611 F.3d 873, (11th Cir., July 16, 2010).

Page 5

of "catching up" the missed seven (7) monthly payments for the period of January through July, 2010. In considering the circumstances, this Debtor appears to be between a "rock and hard place" as the Bankruptcy Code does not allow a plan to be modified for a time period beyond 60 months.[9] The Debtor is now beyond sixty months and has paid a substantial amount of payments into the plan. The Debtor proposed to make up the missed payments in lump sum payments at the end of the applicable commitment period.

In a rare exception to the general rule and only under the extreme circumstances as are before the court in this case, the court distinguishes the requirement that 60 individual payments must be made. The Debtor was in bankruptcy for 60 months. The Debtor and Mrs. Carlson paid $41,042.56 into the plans for distribution to creditors. The creditors were served notice of the Third Modified Plan and did not object. It does not appear to the court, that the debtor is attempting to excuse himself for failure to pay the monthly payments, but attempted to make-up the payments with the two large payments at the end of the applicable commitment period, in addition to making the monthly payment. A debtor that misses a payment in a case that is required to make payments for 60 months, really has no other choice as they cannot move to extend any plan's payments beyond 60 months. The court finds that the debtor has applied all his projected disposable income into the plan and the Trustee's objection should be overruled.

---

[9] 11 U.S.C. §1329 (c).

(2) <u>The feasibility of the plan/mathematical error.</u>

The Trustee alleges that even as proposed, the plan is "short" by over $1000.00. The Debtor's counsel conceded that there was a mathematical error, calculated by his office. Debtor's counsel proposed to the court that he was willing to waive his attorney's fees to make the plan feasible on behalf of the Debtor. The court will take him up on that offer and if the funds are necessary to make the Debtor's Third Modified Plan feasible, and no additional funds are available, the funds will come from Debtor's counsel's fees, as waived in open court.

(3) <u>The Debtor's delay in proposing a confirmable plan.</u>

The Trustee alleged that the Debtor's delay in proposing a confirmable plan was unreasonable and prejudicial to Debtor's creditors. The court finds that the Third Modified Plan will be confirmed and the delay, although substantial, will not prejudice the creditors. Creditors were served with the proposed modified plan and did not object.

Therefore, based upon the above, the court shall overrule the Trustee's objections and confirm the Debtor's Third Modified Plan. This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this ____ day of April, 2011.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Ken McCartney
Mark Stewart

Page 7